**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

**JEFFREY NADEL,** *et al.***,**

      Plaintiffs/Substitute Trustees,

v.

**ELSIE MARINO,** *et al.***,**

      Defendants.

Case No. 8:17-cv-02136-GJH

**SUBSTITUTE TRUSTEES' REPLY IN SUPPORT OF MOTION TO REMAND**

      Plaintiffs/Substitute Trustees Jeffrey Nadel, Scott Nadel, Daniel Menchel, and Michael McKeown (collectively, "Substitute Trustees") hereby submit this Reply in support of their Motion to Remand this action to the Circuit Court for Montgomery County, Maryland pursuant to 28 U.S.C. § 1447(c), and in support thereof state as follows:

ARGUMENT

      As explained in the Substitute Trustee's Motion to Remand, the removal of a state law foreclosure proceeding to this Court was improper because the Court lacks subject matter jurisdiction over the state law foreclosure proceeding. The foreclosure proceeding does not arise under federal law. Diversity is not present, nor raised as the basis for removal. Nor is supplemental jurisdiction implicated, by the mere pendency of a separate federal action. These issues are addressed in the initial memorandum in support of the Motion to Remand. (ECF 12-2.)

      Defendant does not address the substantive issues, including the jurisdictional issues addressed in the motion. Rather, she takes issue with undersigned counsel's filing of the Motion to Remand, which she claims was filed with "unclean hands in bad faith" because, according to her, the filing of the Motion to Remand constitutes a communication with a third party, i.e., the

Clerk or the Court, which she contends violates 15 U.S.C. § 1692c(b)'s prohibitions of communications with third parties.  *See id.*[1]

Such argument is both irrelevant to the determination of the issue of remand, and substantively incorrect.  Even the case relied upon by Defendant, *i.e. Green v. Hocking*, 9 F.3d 18, 21 (6th Cir. 1993), rejected her own premise.   While case law under the FDCPA has evolved since 1993 such that some litigation activities in connection with the collection of debt may provide the basis for an FDCPA claim, not ***every*** act by an attorney in litigation is covered by the Act.  Indeed, none of the cases she cites stands for the proposition that a filing with the Court constitutes an unlawful communication under 15 U.S.C. § 1692c(b).   Moreover, that specific proposition was expressly determined by the *Green* Court to be an "absurd outcome," which the Sixth Court rejected.  *See Green*, 9 F.3d at 21 ("Additionally, 15 U.S.C. § 1692c(b) prevents an attorney from communicating with any third party pertaining to the consumer's debt. Under this portion of the Act, it would be unlawful for an attorney to communicate with the court or the clerk's office by filing suit. . . .  **These examples demonstrate that appellant's interpretation, that *every* act by an attorney in litigation should be covered by the Act, is wrong.**)."  *Id.*   (Emphasis added).

---

[1]        Section 1692c(b) provides:

> Except as provided in section 804 [15 USCS § 1692b], without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C.S. § 1692c(b).

2

Under such interpretation, a putative debt collector could never file a lawsuit, or defend a lawsuit, unless it asks and receives permission from a consumer borrower to do so.[2]

Such argument is unavailing. The Substitute Trustees are not required to stay mute, while Defendant challenges their respective rights, procedural or otherwise. *See, e.g., Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429, 102 S. Ct. 1148, 1154 (1982) ("The Court traditionally has held that the Due Process Clauses protect civil litigants who seek recourse in the courts, either as defendants hoping to protect their property or as plaintiffs attempting to redress grievances.").

Nevertheless, it is not at issue, as Defendant's argument does not cure her jurisdictional defect, and warrants no further response.

WHEREFORE, Substitute Trustees respectfully request that the Court grant this Motion; that this action be remanded to the Circuit Court for Montgomery County, Maryland; that the Court award the Substitute Trustees their costs and expenses incurred in responding to Defendant Elsie Marino's Notice of Removal as appropriate, including attorney's fees, pursuant to 28 U.S.C. §1447(c); and that the Court award such other relief as it deems just and equitable.

Dated: October 5, 2017                    Respectfully Submitted,

                                          **JEFFREY NADEL,**
                                          **SCOTT NADEL,**
                                          **DANIEL MENCHEL, AND**
                                          **MICHAEL MCKEOWN AS**
                                          **SUBSTITUTE TRUSTEES**
                                          *By Counsel*

---

[2]     Nor is undersigned counsel, who is merely defense counsel, a debt collector. *See* 15 U.S.C. § 1692a(6) (defining "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts . . . .").

October 5, 2017                    By:     /s/ Bizhan Beiramee
                                          Bizhan Beiramee, Esq., Md. Fed. Bar No. 29220
                                          BEIRAMEE LAW GROUP, P.C.
                                          7508 Wisconsin Avenue
                                          Second Floor
                                          Bethesda, Maryland 20814
                                          bbeiramee@beiramee.com
                                          (301) 547-3805
                                          (703) 483-9599 Fax
                                          *Counsel for Plaintiffs/Substitute Trustees*

### CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2017, the foregoing was filed with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing to all counsel of record.  A copy of the foregoing was also mailed, effective October 6, 2017 (due to after-hours filing), by first-class mail, postage prepaid, to:

Elsie Marino                              Luis Javier Marino
12701 Darnestown Road                     12701 Darnestown Road
Gaithersburg, MD 20878                    Gaithersburg, MD 20878
*Pro Se Defendant*                        *Pro Se Defendant*

                                  By:     /s/ Bizhan Beiramee
                                          Bizhan Beiramee, Esq., Md. Fed. Bar No. 29220
                                          BEIRAMEE LAW GROUP, P.C.
                                          7508 Wisconsin Avenue, Second Floor
                                          Bethesda, Maryland 20814
                                          bbeiramee@beiramee.com
                                          (301) 547-3805
                                          (703) 483-9599 Fax
                                          *Counsel for Plaintiffs/Substitute Trustees*