IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

JEFFREY NADEL, *et al.*,

    Plaintiffs,

v.                               Case No.: GJH-17-2136

ELSIE MARINO, *et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This is a foreclosure action, which Defendants Elsie Marino and Luis Javier Marino (the "Marinos") removed to this Court on July 28, 2017. ECF No. 1. Presently pending before the Court is Plaintiffs' Motion to Remand, ECF No. 12. Defendants filed an Opposition brief, ECF No. 13, to which Plaintiffs replied, ECF No. 14. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiffs' Motion to Remand is granted.

## I. BACKGROUND

On June 27, 2017, Plaintiffs Jeffrey Nadel, Scott Nadel, Daniel Menchel, and Michael McKeown (collectively, "Substitute Trustees") initiated a Foreclosure Proceeding in the Circuit Court for Montgomery County, after the Marinos had defaulted on their mortgage loan. ECF No. 12-2 at 1.[1] A month later, on July 28, 2017, the Marinos removed the Foreclosure Proceeding to this Court. ECF No. 1. In their Notice of Removal, the Marinos argue that the Court has original jurisdiction over the Foreclosure Proceeding because it is a "federally related action" under the Fair Debt Collection Practices Act ("FDCPA"), and has supplemental jurisdiction because the

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Marinos have filed a separate federal suit against the Substitute Trustees and these two cases "form part of the same case or controversy." ECF No. 1 at 1–2.

On August 22, 2017, the Substitute Trustees filed a Motion to Remand to state court. ECF No. 12. In their Motion, the Substitute Trustees assert that the Court does not have federal question jurisdiction over the Foreclosure Proceeding, as the proceeding is a Maryland state law proceeding involving no question of federal law. *See* ECF No. 12-2 at 4 (citing *MacFadyen v. Smith*, No. WDQ-10-2802, 2011 U.S. Dist. LEXIS 47578 at *8–10 (D. Md. May 2, 2011) ("Neither the Foreclosure Order nor any subsequent filing by the plaintiffs seeks relief that requires the construction or application of federal law" and "[t]his Court should refrain from interfering in a state foreclosure proceeding")). Furthermore, the Substitute Trustees argue that the Court does not have supplemental jurisdiction under 28 U.S.C. § 1367(a), as the Marinos are asking the Court to exercise supplemental jurisdiction over the Foreclosure Proceeding on the basis of a separately filed federal action. *See* ECF No. 12-2 at 5–6 (citing *Fuese v. Broan-Nutone, LLC*, No. DKC-10-2174, 2010 U.S. Dist. LEXIS 89673, at *3–6 (D. Md. Aug. 31, 2010) ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction . . . ."). The Substitute Trustees further requests that the Court award their costs and expenses incurred in responding to the Marinos' Notice of Removal. ECF No. 12-2 at 6.

On September 21, 2017, the Marinos filed an Opposition to the Substitute Trustees' Motion to Remand. ECF No. 13. In their Opposition, the Marinos do not dispute any of the Substitute Trustees' substantive arguments regarding the Court's lack of jurisdiction over the

2


Foreclosure Proceeding. Instead, the Marinos argue that by filing a Motion to Remand, the Substitute Trustees had acted "with unclean hands in bad faith," as the Motion was filed in violation of the FDCPA, specifically 15 U.S.C. § 1692c(b). ECF No. 13 at 2, 6. The Marinos assert that the Substitute Trustees are debt collectors for purposes of the FDCPA, and under § 1692c(b) may not communicate with third parties "without the prior consent of the consumer." *Id.* at 2. The Marinos allege that they did not give the Substitute Trustees prior consent to communicate with the Court, which the Marinos argue is a third party under § 1692c(b).

## II.     STANDARD OF REVIEW

Congress has provided that:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441 (West). "A defendant must file a notice of removal within thirty days of receiving a copy of the initial pleadings setting forth the claim for relief." *Tinoco v. Thesis Painting Inc.*, No. GJH-16-752, 2016 WL 6495428, at *1 (D. Md. Nov. 1, 2016) (citing 28 U.S.C. § 1446(b)(1)). "As the removing party, Defendant 'bears the burden of establishing the right to removal, including compliance with the requirements of 28 U.S.C. § 1446(b).'" *Tinoco*, 2016 WL 6495428, at *1 (quoting *Kluksdahl v. Muro Pharm., Inc.*, 886 F. Supp. 535, 537 (E.D. Va. 1995)). Once removed, the plaintiff may seek to remand the case to state court if the defendant "did not take the right steps when removing . . . ." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F. 3d 192, 199 (4th Cir. 2008) (quoting *Matter of Continental Cas. Co.*, 29 F. 3d 292, 294 (7th Cir. 1994)). "On a motion to remand, the court must 'strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court,' indicative of the reluctance of federal courts 'to interfere with matters properly before a state court.'" *Rizwan*

*v. Lender Servs. Inc.*, 176 F. Supp. 3d 513, 515 (D. Md. 2016) (quoting *Barbour v. Int'l. Union*, 640 F.3d 599, 615 (4th Cir.2011) (en banc), *abrogated by statute on other grounds by* 28 U.S.C. § 1446(b)(2)(B)).

## III. DISCUSSION

### A. The Substitute Trustees' Motion to Remand Does Not Violate The FDCPA

15 U.S.C. § 1692c(b) of the FDCPA dictates that unless a consumer consents, a court provides permission or it is "reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b).[2] Defendant contends that by filing a Motion to Remand, Plaintiffs and their attorney have communicated with an unauthorized person, the Court, in violation of § 1692c(b) and that the Motion should therefore be denied. ECF No. 13 at 2.

Although some courts initially interpreted this section of the FDCPA as not applying to attorneys who were engaged in the practice of law, the Supreme Court in *Heintz v. Jenkins* found that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." 514 U.S. 291, 299 (1995). *See also Elyazidi v. SunTrust Bank*, 780 F.3d 227, 234 (4th Cir. 2015) ("There is no denying that, as a general matter, litigation activity is subject to the FDCPA." (internal quotations omitted)). The Court did recognize, however, the potential anomalies that could result from that interpretation. Considering, as an example, the provision of § 1692c(c) forbidding communication with a consumer under specific circumstances, the Court specifically noted the possibility of individuals

---

[2] Although the parties disagree as to defense counsel's status under the FDCPA, the Court assumes for the sake of the argument that defense counsel is acting as a debt collector under the FDCPA.

4

challenging an attorney's right to "file a lawsuit against (and thereby communicate with) a nonconsenting consumer or file a motion for summary judgment against that consumer." *Heintz*, 514 U.S. at 296. But the Court found that such results are avoided by reading an exception to § 1692c(c) that permits communications regarding an intent to invoke a specific remedy as excepting ordinary litigation from the FDCPA. *Id.* In so finding, the Supreme Court noted that "it would be odd if the Act empowered a debt-owing consumer to stop the 'communications' inherent in an ordinary lawsuit and thereby cause an ordinary debt-collecting lawsuit to grind to a halt." *Id. See also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 600 (2010) (noting that the FDCPA "should not be assumed to compel absurd results when applied to debt collecting attorneys"). Although dicta, this Court finds the Supreme Court's suggested interpretation of § 1692c(c) persuasive and agrees that a filing of a motion as part of ordinary litigation does not violate that provision. Having determined that the statute should be interpreted to except a filed motion from its prohibition against communication with a consumer, it would be inconsistent to find that the same filing would violate § 1692c(b)'s prohibition on communication with a third party. Thus, the Court finds that the Motion to Remand does not violate § 1692c(b).

    The Court finds support for this holding in *Cohen v. Wolpoff & Abramson, LLP*, No. CIV.A.08-1084 SRC, 2008 WL 4513569, at *5 (D.N.J. Oct. 2, 2008). There, the plaintiffs argued that defendants had violated the FDCPA when they filed a claim with the National Arbitration Forum, seeking to initiate arbitration. *Id.* In finding such communication to be in compliance with the FDCPA, the court reasoned that "it would an be extreme interpretation indeed—one, really, that makes fools of Congress and the courts—to construe the FDCPA so as to bar an attorney from communicating with a forum in pursuit of a legal remedy." *Id.*

Furthermore, the court read into § 1692c(c) "an exception to the restrictions of the FDCPA to allow the pursuit of the ordinary remedies that debt collectors pursue." *Id.* at *6.

Similarly here, the Court finds that it would be an "absurd result" to find that the Substitute Trustees are prevented from responding to the Marinos' Removal with a Motion to Remand. Just as in *Cohen*, the Substitute Trustees are "communicating with a forum in pursuit of a legal remedy." As such, the Court finds that the filing of the Motion to Remand does not violate the FDCPA and the motion will not be denied on that basis.[3]

### B. The Court Has Neither Original Nor Supplemental Jurisdiction Over the Foreclosure Proceeding

As the Court explained in *Hyatt v. Johns*,

> Federal Courts are courts of limited jurisdiction, and a district court must remand any case in which it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *see also In Re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006). Therefore, a party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (internal citation omitted). "Where a defendant seeks to remove a case to federal court, the defendant must simply allege subject matter jurisdiction in his notice of removal." *Cunningham v. Twin City Fire Ins. Co.*, 669 F.Supp.2d 624, 627 (D. Md. 2009). "But if the plaintiff challenges removal in a motion to remand, then the burden is on the defendant to 'demonstrat[e] that removal jurisdiction is proper.'" *Id.* (quoting *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 297 (4th Cir. 2008))

No. GJH-16-2912, 2016 WL 8673870, at *1 (D. Md. Oct. 14, 2016).

Here, in their Opposition to the Motion to Remand, the Marinos do not argue that removal was proper, instead focusing on the FDCPA claims discussed above. In their initial Notice of Removal, however, the Marinos asserted that the Court had federal question jurisdiction under 28 U.S.C. § 1331, as well as supplemental jurisdiction under 28 U.S.C. § 1367(a). ECF No. 1 at 1–2. The Court finds that it has neither original nor supplemental

---

[3] The Court notes that even if the Motion to Remand was a violation of the FDCPA, the Marinos have not pointed the Court towards any legal precedent that would require the Court to deny the Motion to Remand on that basis. The FDCPA provides for civil liability, but does not require courts to ignore motions that are otherwise properly submitted before the court. *See generally* 15 U.S.C. § 1692k.

jurisdiction over the Foreclosure Proceeding. Nothing in the complaint raises an issue of federal question. Although the Marinos argue that the Foreclosure Proceeding may itself violate the FDCPA, it is well-established law that § 1331 federal question jurisdiction "is limited to actions in which the plaintiff's well-pleaded complaint raises an issue of federal law; actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908)). The Marinos' argument that the Foreclosure Proceeding violates the FDCPA is a "substantive federal defense" to the foreclosure and does not grant the Court jurisdiction under § 1331.

Neither does the Court have supplemental jurisdiction under § 1367(a). The Marinos argue that the Court has supplemental jurisdiction over the Foreclosure Proceeding because they have a separate federal suit pending against the Substitute Trustees that "form[s] part of the same case or controversy." ECF No. 1 at 1–2. On July 27, 2017—the day before removing the Foreclosure Proceeding to federal court—the Marinos filed a suit against a number of defendants, including the Substitute Trustees, before the Court. *See Marino v. Nadel et al.*, GJH-17-2116, ECF No. 1. However, the fact that the Marinos have a separate federal action pending against the Substitute Trustees does not give the Court supplemental jurisdiction over the Foreclosure Proceeding, which does not involve any federal claims. "[I]n any civil action of which the district courts have original jurisdiction," § 1367(a) gives district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This Court has previously ruled, as have several other courts, that § 1367(a) itself does not provide an independent grounds for removal for a separate

7

state action. *See Fuese v. Broan-Nutone, LLC*, No. DKC-10-2174, 2010 WL 3446872 at *2 (D. Md. Aug. 31, 2010) (rejecting reliance on § 1367(a) for removal, reasoning that "Defendant stretches to concoct a rationale for removal jurisdiction past the breaking point"); *see also Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702, 705–06 (8th Cir.2003) ("Section 1367(a) does not mention removal at all.... While this statute does allow factually related state law claims to be joined with the claim over which the federal district court has original jurisdiction, it plainly does not provide a separate basis for removal of independent state law actions."); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir.1996) ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient.") (citations omitted). Therefore, the Court finds that it does not have supplemental jurisdiction over the Foreclosure Proceeding.

### C. Substitute Trustees Request for Attorneys' Fees and Costs

The Substitute Trustees ask "that the Court award the Substitute Trustees their costs and expenses incurred in responding to Ms. Marino's Notice of Removal as appropriate, including attorney's fees, pursuant to 28 U.S.C. §1447(c)." ECF No. 12-2 at 6. Pursuant to § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court has previously explained that where defendants "lacked an objectively reasonable basis for seeking removal," it will grant a reasonable award of attorney's fees, "designed to compensate the plaintiff when, in the court's discretion, justice so requires." *Hyatt v. Johns*, No. GJH-16-2912, 2017 WL 2937940, at *1–2 (D. Md. July 10, 2017). For the reasons explained above, there was no objectively reasonable

8

basis for the Marinos to seek removal. As such, the Substitute Trustees are instructed to file an affidavit setting out the fees and other expenses associated with the filing of their Motion to Remand no later than fourteen days from the date of this Order.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand, ECF No. 12, is granted. A separate Order shall issue.

Date: October 20, 2017

GEORGE J. HAZEL
United States District Judge