IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

Jeffrey Nadel
Scott Nadel
Daniel Menchel
Michael McKeown
4041 Powder Mill Road, Suite 415
Calverton, MD 20705
      Substitute Trustees
      Plaintiff

Elsie Marino
Luis Javier Marino
1270I Darnestown Road
Gaithersburg, MD 20878
      Defendants.

Case No. 8:17-cv-02136-GJH

FED. R. CIV. P. 59(e) MOTION TO ALTER OR AMEND A DECISION COLLATERAL TO AND SEVERABLE FROM THE REMAND ORDER

    Unrepresented Consumer-Defendant, Elsie Marino, ("Consumer") hereby respectfully moves this Court pursuant to Fed. R. Civ. P. 59(e) for an Order altering or amending a decision ("Decision") collateral to and severable from the remand order (ECF Nos. 15, 16) entered in this action on October 20, 2017 for the need to correct a clear error of law or fact and to prevent manifest injustice.

    Consumer removed this action from the Circuit Court of Montgomery County, Maryland to this Court. Within 30 days the Plaintiffs, Substitute Trustees, moved, by and through their attorney Bizhan Beiramee, to remand back to state court and for costs and expenses. Consumer opposed *the motion* because the motion itself was prohibited by federal law, 15 U.S.C. § 1692c(b), thus the motion itself was submitted for an improper purpose for "unclean hands in bad faith." (Foreclosure is equity.) Plaintiffs, by their attorney Bizhan Beiramee, argued in reply. On October 20, 2017, the Court issued its Decision, order, and letter of remand to the state court.

    Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§1601 et seq., the

1

FDCPA should be liberally construed in favor of the consumer to effectuate its consumer protection purposes. Notwithstanding, the Court determined that the Substitute Trustees' Motion to Remand does not violate the FDCPA. See Decision, III, A. The Court recounted that "Defendant contends that by filing a Motion to Remand, Plaintiffs and their attorney have communicated with an unauthorized person, the Court, in violation of § 1692c(b) and that the Motion should therefore be denied. ECF No. 13 at 2." The Court's departure from the terms of § 1692c(b) begin on page 5, where the Court quotes from Heintz v. Jenkins, 514 U.S. at 296, but concludes, by way of misapprehension, that Consumer's position is not in harmony with what the Supreme Court said and didn't say, when actually the reverse is true.

> We agree with Heintz that *it would be odd if the Act empowered a debt-owing consumer to stop the "communications" inherent in an ordinary lawsuit and thereby* cause an ordinary debt-collecting lawsuit to grind to a halt. But, it is not necessary to read Section(s) 1692c(c) in that way * * * **the interpretation is consistent with the statute's apparent objective of preserving creditors' judicial remedies.** We need not authoritatively interpret the Act's conduct-regulating provisions now, however. Rather, we rest our conclusions upon the fact that it is easier to read Section(s) 1692c(c) as containing some such additional, implicit, exception than to believe that Congress intended, silently and implicitly, to create a far broader exception, for all litigating attorneys, from the Act itself.

Id., (emphasis added). The Supreme Court said it would be "odd" because, clearly, the FDCPA does not empower the consumer to stop anything, and it is perhaps a misperception that the effect of the prohibition in § 1692c(b) is a "bar" when the Act only makes the debt collector liable as a "deterrent." Consumer would point out that the Supreme Court carefully, non-authoritatively interpreted § 1692c(c) as being consistent with the objective of preserving creditors' judicial remedies. **Crucially, in this case, there are no "*creditor's judicial remedies*" to be preserved; the Bank of New York Mellon as Trustee, the plaintiff Substitute Trustees, and their attorneys, are *all* excluded as creditors by definition, § 1692a(4).**[1] This District

---

[1] See related case *Elsie Marino v. Jeffrey Nadel d/b/a Law Offices of Jeffrey Nadel, et al.*; No. 8:17-cv-02116-GJH.

Court's interpretation regarding § 1692c(b) presumes that a creditor is behind the Plaintiff's motion to remand, but that is not so. Thus, as the Court already noted, the FDCPA "should not be assumed to compel absurd results when applied to debt collecting attorneys." <u>Jerman v. Carlisle, McNellie. Rini, Kramer & Ulrich LPA</u>, 559 U.S. 573, 600 (2010). There is no conflict between Consumer's position and the Supreme Court's dicta.

On pages 5-6, the Court was persuaded by a district court decision in the District of New Jersey that Plaintiffs' motion is in compliance with the FDCPA because "the Substitute Trustees are 'communicating with a forum in pursuit of a legal remedy.'" That is overly broad an exception for the foregoing reasons but also because § 1692c(b) narrowly excepts a communication "as reasonably necessary to effectuate a **_postjudgment_** _judicial remedy_." Excluding "communicating with a forum in pursuit of a legal remedy" creates "a far broader exception, for all litigating attorneys, from the Act itself," Heintz, supra. Also, the burden is on the debt collector to demonstrate a defense that an exclusion applies under the Act and that therefore the communication was not submitted for an improper purpose. Consumer respectfully asserts that the Court's decision is erroneous as it relates to the FDCPA; it renders the consumer protections in § 1692c(b) inoperable and forecloses her private right of action granted by Congress, § 1692k. This Court must decline to render a provision of the FDCPA superfluous, void, or insignificant. <u>TRW, Inc. v. Andrews</u>, 534 U.S. 19, 31 (2001) ("It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'")

"A proper Rule 59(e) motion ... must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669.

There exists the need to correct a clear error of law and to prevent manifest injustice. Specifically, the Court, without any finding that plaintiff or plaintiff's attorney is either a "creditor" under 15 U.S.C. § 1692a(4) or a "debt collector" seeking a "postjudgment judicial remedy," and without any finding that 15 U.S.C. § 1692c(b) is ambiguous, construed the statute to contravene its purpose instead of applying it according to its clear and unambiguous terms. In so doing, the Court applied an improperly stated rule of law which cannot be allowed to stand because (1) other courts may follow it, and (2) because it will be conclusive upon the Marinos—overriding and abrogating Consumer's private right of action granted by Congress to enforce debt collectors' liability under 15 U.S.C. § 1692k as a deterrent effect for the benefit of all consumers.

Although 28 U.S.C. § 1447(d) generally prohibits review of orders remanding removed cases, "[t]he corollary to the statute's prohibition is that courts may review remands when they are not based on a lack of subject-matter jurisdiction or a defect in removal procedure, such as when the review is of a decision collateral and severable from the remand order, or when the remand order is outside the district court's authority. Lisenby v. Lear, 674 F.3d 259, 261 (4th Cir. 2012)." Barlow v. Colgate, Mosko v. Colgate, Nos. 13-1839, 13-1840 (4th Cir. 04/30/2014).

Consumer seeks review primarily under the exception derived from the Supreme Court's decision in City of Waco v. United States Fidelity & Guaranty Co., 293 U.S. 140, 79 L. Ed. 244, 55 S. Ct. 6 (1934). The district court's findings touching on the FDCPA are "in logic and fact" severable, and thus reviewable, because they affect the Marinos' substantive rights. If the findings of the district court are not reversed or set aside, they will be conclusive upon the Marinos; the Substitute Trustees and their privies may raise principles of issue and claim preclusion effect to foreclose consumer protection litigation. The principle that the district

court's *jurisdictional* findings have no preclusive effect does not apply to non-jurisdictional issues or claims that may be litigated in state or federal court. See Nutter v. Monongahela Power Co., 4 F.3d 319, 322 (4th Cir. 09/03/1993). Plaintiffs could extend "law of the case" to a Maryland court; the Maryland courts would not quickly recognize whether the district court's ruling on non-jurisdictional subject matter did not have preclusive effect.

By its Order, the Court "instructed" the Substitute Trustees to file an affidavit of costs and expenses based on the very same communications that the Court found were not in violation of the FDCPA, and is retaining federal jurisdiction over an award of costs and expenses. That portion of the decision and judgment should also be reversed or set aside as it instructs the Substitute Trustees to provide a basis to increase their actual damages to Consumer that she will have to assess under 15 U.S.C. § 1692k(a)(1).

WHEREFORE, Consumer Elsie Marino moves the Court for an Order pursuant to Fed. R. Civ. P. 59(e) that the decision and remand order entered in this action on October 20, 2017, to the extent they relate to the FDCPA and award of costs and expenses, be reversed or set aside for the need to correct a clear error of law and to prevent manifest injustice.

Respectfully submitted,

*Elsie Marino*
Elsie Marino
12701 Darnestown Road
Gaithersburg, MD 20878

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Clerk of the Court, and the CM/ECF System will send a notification of such filing to all parties' counsel of record.

_____*Elsie Marino*_____
Elsie Marino
Unrepresented Consumer-Plaintiff.