**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| **JEFFREY NADEL,** *et al.***,**<br><br>　　　Plaintiffs/Substitute Trustees,<br><br>v.<br><br>**ELSIE MARINO,** *et al.***,**<br><br>　　　Defendants. | Case No. 8:17-cv-02136-GJH |

**SUBSTITUTE TRUSTEES' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO ALTER OR AMEND**

Plaintiffs/Substitute Trustees Jeffrey Nadel, Scott Nadel, Daniel Menchel, and Michael McKeown (collectively, "Substitute Trustees") hereby submit this Response in Opposition to the Motion to Alter or Amend a Decision Collateral to and Severable from the Remand Order (the "Motion") filed by Defendant Elsie Marino ("Defendant"), and in support thereof state as follows:

**ARGUMENT**

First, this Court's Order remanding this action (the "Order") is immune from review because it is based on this Court's lack of subject matter jurisdiction over the underlying foreclosure proceeding. *See* ECF 15 (Memorandum Op.) at pp. 6-7 (holding that the Court lacks original subject matter jurisdiction). Pursuant to 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable[.]"  28 U.S.C. § 1447(d); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196-97 (4th Cir. 2008) ("§ 1447(d) renders a remand order based on the court's lack of subject matter jurisdiction totally immune from review, even if the court raises the issue *sua sponte*.").  This bar of review is not limited to appeals, but also applies

1

to a Rule 59(e) motion. *See, e.g., Cooks-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 U.S. Dist. LEXIS 107996, at *5 (E.D. Va. Oct. 8, 2010) (noting that a court's power to grant a Rule 59(e) motion for reconsideration is "circumscribed . . . when the proposed reconsideration concerns a remand order," citing 28 U.S.C. § 1447(d)). Accordingly, this Court's Order is not subject to further review.

Moreover, Defendant fails to demonstrate that the Court's Order should be altered or amended under Rule 59(e). A Rule 59(e) motion may succeed only: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkland v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007); *see also Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.") (internal quotations omitted). Defendant relies only upon the third prong, but identifies no "clear error in law" or "manifest injustice" in the Court's Order.

Indeed, Defendant fails to even address this Court's determination that it lacks original subject matter jurisdiction and supplemental jurisdiction over this foreclosure proceeding. As this Court observed, Defendant's "argument that the Foreclosure Proceeding violates the FDCPA is a 'substantive federal defense' to the foreclosure and does not grant the Court jurisdiction under [28 U.S.C.] § 1331." ECF 15 (Memorandum Op.) at p. 7. Further, "[28 U.S.C.] § 1367(a) itself does not provide an independent grounds for removal for a separate state action." *Id.* at pp. 7-8.

Rather, Defendant merely repeats the legal theories that this Court already rejected, which claim that there is no "creditor" of the underlying Loan, and that Substitute Trustees violated 15 U.S.C. § 1692c(b) by filing the Motion to Remand in this foreclosure proceeding. *See* ECF 18 (Motion) at pp. 2-3. Not only did the Court properly reject such arguments, *see* ECF 15

(Memorandum Op.) at pp. 4-6, but as explained in the Substitute Trustees' Motion to Remand and Memorandum in Support (ECF 12), and their Reply (ECF 14), which are incorporated herein by reference, Defendant cannot overcome the jurisdictional limitations of the Court. Thus, she cannot satisfy the grounds under Rule 59(e) for reconsideration of this Court's Order. *See Washington v. Deline*, No. ELH-15-0853, 2015 U.S. Dist. LEXIS 123843, at *9 (D. Md. Sept. 16, 2015) ("[M]ere disagreement with a court's ruling does not support a Rule 59(e) motion.") (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)). Indeed, as this Court explained in *Ward v. Comm'r of Soc. Sec.*, No. WDQ-11-1004, 2012 U.S. Dist. LEXIS 35289, at *6 (D. Md. Mar. 13, 2012), "where a [Rule 59(e)] motion does not raise new arguments, but merely urges the Court to change its mind, relief is not authorized." *Id.* (internal quotations omitted).

WHEREFORE, Plaintiff Substitute Trustees respectfully request that the Court deny Defendant's Motion to Alter or Amend.

Dated: November 14, 2017            Respectfully Submitted,

**JEFFREY NADEL,**
**SCOTT NADEL,**
**DANIEL MENCHEL, AND**
**MICHAEL MCKEOWN AS**
**SUBSTITUTE TRUSTEES**
*By Counsel*

By:   */s/ Bizhan Beiramee*
Bizhan Beiramee, Esq., Md. Fed. Bar No. 29220
BEIRAMEE LAW GROUP, P.C.
7508 Wisconsin Avenue, Second Floor
Bethesda, Maryland 20814
bbeiramee@beiramee.com
(301) 547-3805
(703) 483-9599 Fax
*Counsel for Plaintiffs/Substitute Trustees*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2017, the foregoing was filed with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing to all counsel of record. Effective November 15, 2017 (due to after-hours filing), a copy of the foregoing was also mailed by first-class mail, postage prepaid, to:

| | |
|---|---|
| Elsie Marino | Luis Javier Marino |
| 12701 Darnestown Road | 12701 Darnestown Road |
| Gaithersburg, MD 20878 | Gaithersburg, MD 20878 |
| *Pro Se Defendant* | *Pro Se Defendant* |

By: */s/ Bizhan Beiramee*
Bizhan Beiramee, Esq., Md. Fed. Bar No. 29220
BEIRAMEE LAW GROUP, P.C.
7508 Wisconsin Avenue, Second Floor
Bethesda, Maryland 20814
bbeiramee@beiramee.com
(301) 547-3805
(703) 483-9599 Fax
*Counsel for Plaintiffs/Substitute Trustees*