FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 MAY 24 P 2: 21

CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

JEFFREY NADEL, *et al.*,

    Plaintiffs,

v.

ELSIE MARINO, *et al.*,

    Defendants.

Case No.: GJH-17-2136

## MEMORANDUM OPINION

On October 20, 2017, the Court granted Plaintiffs' Motion to Remand this foreclosure action to the Circuit Court for Montgomery County. ECF No. 16. The Court concluded that the Plaintiffs had not violated the Fair Debt Collection Practices Act ("FDCPA") in filing a Motion to Remand, and that the Court possessed neither original nor supplemental jurisdiction over the foreclosure proceeding. ECF No. 15 at 4, 6.[1] On October 30, 2017, Defendant Elsie Marino filed a Motion to Alter or Amend A Decision Collateral to and Severable from the Remand Order. ECF No. 18. On November 14, 2017, Plaintiffs opposed Marino's Motion. ECF No. 19. No hearing is necessary to resolve this Motion. *See* Loc. R. 105.6 (D. Md. 2016).

### I. Standard of Review

A motion for reconsideration filed within 28 days of the underlying order is governed by Federal Rule of Civil Procedure 59(e). Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct clear error of law or prevent

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). *See also Sanders v. Prince George's Public School System*, No. RWT 08-cv-501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011) (a motion for reconsideration is "not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request"). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

This Court has noted that "[n]either Rule 59(e), nor Local Rule 105.10 (providing the deadline for a motion for reconsideration), contains a standard for the application of Rule 59(e) and the Fourth Circuit has not identified such a standard." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 320 (D. Md.), *aff'd*, 584 F. App'x 135 (4th Cir. 2014). Thus, this Court has previously looked to the "widely cited case" of *Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D.Va.1983), for its reasoning that a "motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bey*, 997 F. Supp. 2d. at 320.

## II. Discussion

Marino argues that the Court made a "clear error of law" in its decision by determining that Plaintiffs had not violated the FDCPA by filing a Motion to Remand. *Id.* at 4. While Marino

2

acknowledges that remand orders are generally not reviewable, she argues that the Court should review its prior decision pursuant to *City of Waco v. United States Fidelity & Guaranty Co.*, 293 U.S. 140 (1934), and that "[t]he district court's findings touching on the FDCPA are 'in logic and fact' severable, and thus reviewable, because they affect the Marinos' substantive rights." ECF No. 18 at 4. Marino also asks the Court to reverse the part of its prior decision instructing the Plaintiffs to submit an affidavit of costs and expenses within fourteen days. *Id.* at 5.[2] Plaintiffs argue that the Court does not have jurisdiction to review its order remanding the case, and that even if it did, Marino's Motion "merely repeats the legal theories that this Court already rejected." *Id.* at 1–2.

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443[3] of this title shall be reviewable by appeal or otherwise." 28 U.S.C.A. § 1447 (West). Courts have noted that this prohibition of review applies to Rule 59(e) motions. *See, e.g.*, *Cooks-Bates v. Bayer Corp.*, No. 10-cv-261, 2010 WL 3984830, at *2 (E.D.Va. Oct. 8, 2010). While the policy behind this "prohibition on appellate review" is "strong," there are limits. *In re Norfolk Southern Ry. Co.*, 756 F.3d 282 (4th Cir. 2014). In *City of Waco*, cited by Marino, the District Court entered an order dismissing a cross-complaint and, having eliminated the diversity jurisdiction of the case, in the same order remanded the cause to the state court. 293 U.S. at 142. The Supreme Court held that while "no appeal lies from the order of remand," the Court of Appeals could properly hear the appeal of the dismissal of the cross-complaint as "in logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause." *Id.* at 143.

---

[2] The Court notes that in the six months since the Court's Order, Plaintiffs never filed such an affidavit. Thus, the Court denies this part of Marino's Motion as moot.
[3] These sections do not apply to this case.

3

Furthermore, "[i]f the District Court's order stands the cross-action will be no part of the case which is remanded to the state court." *Id.* The Fourth Circuit has restricted this exception, however, to "purportedly reviewable orders that (1) have a preclusive effect upon the parties in subsequent proceedings and (2) are severable, both logically and factually, from the remand order." *In re Norfolk Southern Ry. Co.*, 756 F.3d at 288.

Even were the Court to assume for purposes of Marino's Motion that the Court's conclusion that Plaintiffs' Motion to Remand did not violate the FDCPA is severable and has a preclusive effect upon these parties, Marino has failed to state a sufficient reason for the Court to alter or amend its prior decision. Marino argues that the Court made a "clear error of law," but merely rehashes the same arguments that she raised previously; namely, that there is no "creditor" of the underlying loan, and that Plaintiffs violated 15 U.S.C. § 1692c(b) by filing their Motion to Remand. *Compare, e.g.,* ECF No. 13 at 5 *with* ECF No. 18 at 3–5. The Court took these arguments into consideration in its prior Memorandum Opinion and rejected them. ECF No. 15 at 4–6. As discussed above, a motion for reconsideration is "not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request." *Sanders v. Prince George's Public School System*, No. RWT 08-cv-501, 2011 WL 4443441, at *1. Thus, the Court will not amend its prior Order.

### III. CONCLUSION

For the foregoing reasons, Marino's Motion to Alter or Amend A Decision Collateral to and Severable from the Remand Order, ECF No. 18, is denied. A separate Order shall issue.

Date: May 24, 2018

GEORGE J. HAZEL
United States District Judge

4